## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

MARTIN PRIVITT,

                        Plaintiff,

vs.                                     Case No.12-CV-360-FHM

TARGET CORPORATION,

                        Defendants.

### OPINION AND ORDER

Defendant's Motion for Summary Judgment [Dkt. 38] has been fully briefed and is before the court for determination.  As hereafter explained, the Motion for Summary Judgment is GRANTED.

### Summary Judgment Standard

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate if the pleadings, affidavits and exhibits show that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).  To survive a motion for summary judgment, the nonmoving party "must establish that there is a genuine issue of material fact" and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86, 106 S.Ct. 1348, 1455-56, 89 L.Ed.2d 538 (1986).  However, the factual record and reasonable inferences to be

drawn therefrom must be construed in the light most favorable to the non-movant. *Gullickson v. Southwest Airlines Pilots' Ass'n.*, 87 F.3d 1176, 1183 (10th Cir. 1996).

## Undisputed Facts

Plaintiff visited Defendant's store with his brother-in-law, Christopher Orthman, on February 2, 2011, the day after a snowfall left approximately 13 inches of snow on the ground in Tulsa.  Plaintiff slipped and fell while walking through Defendant's store (Target).  Neither Plaintiff, nor Mr. Orthman, saw anything on the floor before Plaintiff fell.  Mr. Orthman and other customers walked through the same area with no problems.  Target employee Matthew Cargill was present in the area before Plaintiff's fall and did not observe any liquid or other hazard which would cause a fall.  Immediately after the fall, Mr. Cargill came to Plaintiff's aid.  Mr. Cargill observed snow compacted on the soles of Plaintiff's boots.  After the fall Mr. Cargill did not observe liquid or any other hazard that would have caused Plaintiff to fall.

## Analysis

In this action Plaintiff seeks damages for personal injuries sustained in his February 2, 2011 fall at a Target store.  Plaintiff alleges that his fall was a "direct result of the Defendants' negligence in creating a hidden trap, snare, or pitfall, and/or failing to warn of it."  [Dkt. 2-1, p. 1, ¶ 2].  Plaintiff also alleges that Defendant "knew of the existence of the defective condition."  *Id*. at ¶ 3.  Defendant seeks summary judgment on the basis that there is no evidence that Plaintiff's accident was caused by its negligence.  Defendant asserts that the undisputed facts demonstrate that Plaintiff slipped and fell because of the

2

snow compacted on the soles of his boots, not because of any negligence on Defendant's part.  [Dkt. 38, p. 1].

Plaintiff argues against summary judgment by asserting that other people had been walking in the area and they would have tracked in snow and ice which would have been hard to see on the shiny white floor.  Plaintiff states that Target should have expected water to accumulate on the floor on this snowy day which was constructive notice to Target that a hazardous condition could form.  According to Plaintiff, based on this situation, a jury could reasonably conclude that failing to provide warning signs breached a duty Target owes its invitees.  [Dkt. 41].

There is no dispute about the law applicable to this diversity case.  Oklahoma law applies and is quite clear about the duty owed by a business owner such as Target to an invitee such as Plaintiff:

> A storekeeper owes customers the duty to exercise ordinary care to keep aisles and other parts of the premises ordinarily used by customers in transacting business in a reasonably safe condition, and to warn customers of dangerous conditions upon the premises which are known, or which should reasonably be known to the storekeeper, but not to customers. Knowledge of the dangerous condition will be imputed to the storekeeper if he knew of the dangerous condition, or if it existed for such time it was his duty to know of it, or if the condition was created by him, or by his employees acting within the scope of the employment.

*Williams v. Safeway Stores, Inc.,* 515 P.2d 223, 225 (Okla. 1973)(citations omitted); *see also* Oklahoma Uniform Jury Instructions-Civil, Third Edition, Rev. 2008, Instruction No. 11.10 Duty to Invitee to Maintain Premises – Generally.

Plaintiff has not established the existence of a material issue of fact to be tried.  He has not come forward with any evidence of a dangerous condition existing in the Target

store when he fell.  Plaintiff's speculation that other people could have tracked in snow and ice that may have been invisible to the eye does not establish the existence of a question to be tried.  There is simply no evidence of any dangerous condition upon Defendant's premises at the time Plaintiff fell.

### Conclusion

The court finds that the undisputed facts demonstrate that there are no issues for trial.  Therefore Defendant's Motion for Summary Judgment [Dkt. 38] is GRANTED.  This resolves all pending issues between the parties.  Judgment will be entered for Defendant.

SO ORDERED this 17th day of July, 2013.


_Frank H. McCarthy_

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE